UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
HENRYK ZEBZDA, et al.,

                Plaintiffs,

    - against -

TENAVISION, INC., et al.,

                Defendants.
----------------------------------x

06 Civ. 13123(DFE)

This is an ECF case

OPINION AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

    On August 27, 2007, the five named Defendants filed a dismissal motion. On October 3, 2007, Plaintiffs filed opposing papers. In their effort to state a claim under federal law, Plaintiffs make two arguments.

    <u>First</u>. At Document 27, pages 22-25, Plaintiffs request me to decline to follow the holding in *Grochowski v. Phoenix Construction*, 318 F.3d 80 (2d Cir. 2003). I deny that request. The state courts are not bound to follow *Grochowski*. Indeed, in May 2007, two panels of the First Department came to opposite conclusions about the wisdom of *Grochowski*, and the New York Court of Appeals has decided to hear argument on that issue.

    Whatever the high court of New York may decide, I am bound to follow *Grochowski*. On the other hand, one week after the close of the briefing to me, Judge Cogan issued *Sobczak v. AWL Industries, Inc.*, 2007 WL 4934239 (E.D.N.Y. Oct. 22, 2007). He pointed out that *Grochowski* noted that its contracts were "**federally** funded and**, as such**, are governed by the prevailing wage requirements set forth in the [Davis Bacon Act], not by §220 of the New York Labor Law." 318 F.3d at 86 (emphasis added by me). Judge Cogan opined that "to the extent that plaintiffs' claims arise under **state** funded contracts, to which **state** prevailing wage standards apply, *Grochowski* has no application." 2007 WL 4934239, at *5 (emphasis added by me). He ruled that, if a plaintiff can prove his entitlement to a particular prevailing wage under state law, then that base wage would be "a predicate for an FLSA recovery" of 1 1/2 times that base wage as to any hours worked overtime. *Ibid.* By order filed November 26, 2007, Judge Cogan acknowledged that his October 22 decision "recognizes a theory of recovery under the FLSA that has never been advanced in any reported decision," and he certified his decision for

-1-

interlocutory appeal, but on February 20, 2008 the Second Circuit ruled that an immediate appeal was unwarranted. See E.D.N.Y. Docket 07 Civ. 1226, Documents 48 and 49.

Second. Plaintiffs ask me to grant leave to file a Second Amended Complaint. They do not say what amendments they propose to make.

On the present record, Plaintiffs have failed to make a sufficient statement of a claim arising under federal law. **I hereby grant Defendants' motion (Document 17) for dismissal of the Amended Complaint.** Plaintiffs are free to refile their lawsuit in state court. Alternatively, they can attempt to state a claim under Judge Cogan's theory; if so, then Defendants will be free to attack that theory in a new dismissal motion.

In view of Judge Cogan's decision, I hereby grant Plaintiffs leave to file a Second Amended Complaint, no later than April 30, 2008. Its federal claims shall be limited to claims under the Fair Labor Standards Act. Such claims shall be further limited to claims about overtime pay by any of the Plaintiffs who submits a detailed affidavit specifying any week during which he worked for Tenavision, Inc. for more than 40 hours in connection with a contract which was not federally funded. If any of the Plaintiffs wants to file an amended complaint that goes beyond these limits, then he must first file a formal motion for leave.

_____
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:   New York, New York
         March 31, 2008

Copies of this Opinion and Order are being sent by fax and by electronic filing to:

Robert Wisniewski, Esq. at 212-267-8115fax
Daniel J. Borriello, Esq. at 212-422-5360fax